IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| GEORGE GALOVICH, | ) | 2:13cv1683 |
| --- | --- | --- |
| | ) | Electronic Filing |
| Petitioner, | ) | |
| | ) | Judge David Stewart Cercone |
| v. | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| DISTRICT ATTORNEY OF BUTLER COUNTY, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM ORDER

**AND NOW**, this 19 day of May, 2014, the Petitioner, George Galovich, having filed a Petition for Writ of Habeas Corpus in the above-captioned case (ECF No. 1), and after a Report and Recommendation (ECF No. 3) was filed by the United States Magistrate Judge giving the parties until May 5, 2014, to file written objections thereto, and Petitioner having filed Objections (ECF No. 4) on April 30, 2014, and upon independent review of the record,

**IT IS HEREBY ORDERED** that for the reasons set forth in that Report and Recommendation, which is adopted as the Opinion of this Court, the Petition for Writ of Habeas Corpus is dismissed for lack of jurisdiction.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is denied. Petitioner's reasons for why the Court should grant a Certificate of Appealability do not undermine the Magistrate Judge's recommendation that one should not be granted. The case which Petitioner cites in support of his argument, Carafas v. LaVallee, 391 U.S. 234 (1968), does not stand for the proposition for which it is cited in Petitioner's Objections. The petitioner in Carafas filed his federal habeas petition *while he was still in custody* but it was denied by the district court and denial was affirmed on appeal because the petitioner was released from custody and his sentence

had expired before his petition was adjudicated. The United States Supreme Court vacated and remanded on the basis that the petitioner was entitled to consideration of his application for relief on its merits, even though he was no longer in custody, because of the "collateral consequences" he suffered as a result of his conviction. The Court did not, however, overrule the requirement that applicants be "in custody" when the application for federal habeas corpus is filed. Indeed, it specifically referenced the mandatory nature of this requirement and the fact that the petitioner was in custody when his application was filed.

Although this Court is sympathetic to Petitioner's procedural predicament, one that he has so emotionally detailed in his Objections, and the "collateral consequences" he must face as a result of his conviction, he has no avenue for relief in federal court by way of a petition for writ of habeas corpus. All further Objections not specifically referenced herein are deemed without merit and do not require discussion.

**IT IS FURTHER ORDERED** that the Clerk is to mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if any party wishes to appeal from this Order then a notice of appeal, as provided in Fed. R. App. P. 3, must be filed with the Clerk of Court, United States District Court, at 700 Grant Street, Room 3110, Pittsburgh, PA 15219, within thirty (30) days.

David Stewart Cercone
United States District Judge

cc: Honorable Lisa Pupo Lenihan
David B. Chontos, Esquire

(*Via ECF Electronic Mail*)